UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC., *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> DEBORAH J. PIAZZA, *et al.*, <br><br> Defendants. | 21-CV-1622 (CM) <br><br> ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs Keith Elijah Thompson, Yvonne Mae Thompson, Jeannette Y. Brown, and Bernel Arthur Richardson bring this action *pro se* on behalf of their church, Bronx Miracle Gospel Tabernacle (BMGT), and other members of BMGT.[1] Plaintiffs electronically signed the complaint.

To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiffs submitted the complaint but only Richardson filed an IFP application. Within thirty days of the date of this order, the remaining three Plaintiffs must either pay the $402.00 in fees or **each** plaintiff must complete and submit the attached IFP application. If the remaining

---

[1] As nonlawyers, Plaintiffs can only represent their own interests. *See* 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Thus, Plaintiffs cannot bring claims on behalf of their church or other church members. Those claims must be dismissed, unless an attorney appears on behalf of BMTG and BMTG members.

three Plaintiffs submit IFP applications, each application should be labeled with docket number 21-CV-1622 (CM). If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Accordingly, within thirty days of the date of this order, Plaintiffs must either pay the $402.00 in fees or **each** submit an IFP application on his or her own behalf. If each Plaintiff submits an IFP application, it should be labeled with docket number 21-CV-1622 (CM). If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to each Plaintiff at BMGT's address, noting service on the docket. No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If any of the three Plaintiffs fail to submit an IFP application, that Plaintiff's claims will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: March 2, 2021
       New York, New York

                                                  COLLEEN McMAHON
                                        Chief United States District Judge