UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC., *et al.*,

                       Plaintiffs,

-against-

DEBORAH J. PIAZZA, *et al.*,

                       Defendants.

21-CV-1622 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 8, 2021, then-Chief Judge Colleen McMahon dismissed without prejudice the claims brought by Plaintiffs Keith Elijah Thompson, Yvonne Mae Thompson, and Jeannette Y. Brown because they did not submit applications to proceed *in forma pauperis* (IFP) or pay the filing fees. In a separate order issued on April 9, 2021, Judge McMahon granted the IFP application submitted by Plaintiff Bernel Arthur Richardson. On April 29, 2021, the Clerk of Court received a filing fee in the amount of $402.00. On June 22, 2021, the Clerk of Court reassigned this action to my docket.

For the reasons set forth below, the Court dismisses without prejudice any claims brought on behalf of Plaintiff Bronx Miracle Gospel Tabernacle ("BMGT") and other BMGT members; and (2) dismisses all claims brought by Plaintiffs Keith Elijah Thompson, Yvonne Mae Thompson, Jeannette Y. Brown, and Bernel Arthur Richardson ("the individual Plaintiffs").

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The individual Plaintiffs bring claims, on behalf of BMGT and BMGT members, against Defendants Deborah J. Piazza, a trustee appointed by a United States Bankruptcy Court in a Chapter 11 proceeding (the "Trustee"); and Piazza's counsel, Scott S. Markowitz and Jill Makower. Plaintiffs seek money damages.

The following facts are taken from the complaint: in "February 2020[,] a meeting of introduction was arranged between the leadership of [BMGT], Trustee, and her Attorneys." (ECF 1, at 3.) At the meeting, Defendant Markowitz informed a BMGT Officer that Piazza "'was now his boss and we need to be aware of that fact.'" (*Id.*) Before Markowitz made this statement, "[t]he anticipation on the part of the ministry was to engage in a mutually beneficial dialogue[ ] [but] it became obvious that . . . a decision had been reached by Trustee, her Attorney and the principal Creditor, Newell Funding LLC to sell the property, regardless of the intent of the Ministry." (*Id.*)

After this meeting, on March 24, 2020, the Plaintiffs "found the locks changed, with no attempt made to contact the Pastor, Legal Counsel or any other individual in leadership." (*Id.* at 4.) Then, on an unspecified date, "the Trustee or [her] attorneys broke the locks on the private offices of the Pastor and Minister of Administration, removing computers, both Church owned

and personal[,] and refus[ed] to return said property, even after possession has no bearing on the continuing Legal matter." (*Id.*)

At some point, "[t]he Ministry . . . initiated a Civil Action against the property next door for serious damages made to the Church property." (*Id.*) But the court hearing the civil action informed BMGT that Defendants "instructed" the court "to abandon the case." (*Id.* at 4.) At a later date, Defendants oversaw the sale of the church "for an amount [that] met the needs of the Creditor with remaining amount to cover the costs for [Defendants]." (*Id.* at 5.) The individual Plaintiffs describe this sale amount to be a "low-ball amount," which did not account for "the equity built up over the years" by church members. (*Id.*)

While the individual Plaintiffs "could continue [to] engag[e] in worship, via other forms of Communications[,] [w]hat was denied to [their] Ministry, but available to others, was the ability to secure various sacred items critical to performance of Worship." (*Id.*) They maintain that "[t]his act has had a severe effect upon the form of Worship customary to our Ministry for over forty years." (*Id.*) They counter "those who say such items could be purchase[d]," suggesting they "indicate a lack of understanding of Christian Theology and the Sacred concept of Consecration." (*Id.*)

The individual Plaintiffs bring claims under the First Amendment's Free Exercise Clause. They also bring claims arising out of Defendants' fees and their statements, which Plaintiffs assert affected Plaintiff Reverend Keith Elijah Thompson's reputation. Moreover, they bring state-law claims of fraud regarding the sale of BMGT. Finally, they allege that the "Trustee failed in its Fiduciary duties and responsibilities to protect the interest of the Church." (*Id.* at 7.)

# DISCUSSION

## A.    Claims on behalf of BMGT and BMGT members

As nonlawyers, the individual Plaintiffs can only represent their own interests. *See* 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). As the individual Plaintiffs cannot bring claims on behalf of their church or other church members, the Court dismisses these claims without prejudice.

## B.    Claims against Deborah Piazza (the "Trustee")

The complaint suggests that the individual Plaintiffs specifically seek to raise BMGT's claims against the Trustee. Generally, an individual (or entity) that has filed for bankruptcy may bring a new civil action against a bankruptcy trustee, and that trustee may be held personally liable for breaching her fiduciary duty, *if* the court that appointed that trustee has provided leave to file the new action. *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996); *see also In Re: J & S Properties, LLC*, 872 F.3d 138, 150 (3d Cir. 2017) (noting that "there is considerable acknowledgment that the common law procedural immunity known as the 'Barton doctrine,' *see Barton v. Barbour*, 104 U.S. 126, 128-29 [ ] (1881), whereby an equity receiver could not be sued without leave of the court that appointed him, applies to the present-day bankruptcy trustee"); *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (affirming district court's decision dismissing action for lack of subject matter jurisdiction in action brought against trustee because the petitioner failed "to . . . obtain[ ] leave from the bankruptcy court to bring th[e] action in the [district] court").

Because the individual Plaintiffs did not proceed in bankruptcy court on their own behalf, but allege that BMGT proceeded itself, any duty owed by the Trustee would be owed to BMGT. The Court therefore dismisses all claims against the Trustee without prejudice because such a claim must be brought by BMGT.[1]

## C. Claims against Markowitz and Makower, counsel to the Trustee

Because the individual Plaintiffs allege that their rights under the First Amendment were violated, the Court construes the complaint as asserting a claim under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants Markowitz and Makower are private parties, who do not work for any state or other government body, the individual Plaintiffs have not stated a claim against these defendants under section 1983, and the Court dismisses all claims brought against them.

## D. Leave to amend would be futile

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[1] The Court notes that, under the *Barton* doctrine, BMGT would need leave from the bankruptcy court to proceed in another court against the Trustee. The complaint does not suggest that BMGT has such leave.

Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant the individual Plaintiffs leave to amend the complaint.

### E. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims the individual Plaintiffs may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Court dismisses (1) all claims brought on behalf of BMGT and BMGT members without prejudice, (2) all claims brought against Deborah Piazza without prejudice, and (3) all claims brought by the individual Plaintiffs against Markowitz and Makower, for failure to state a claim.

The Clerk of Court is directed to mail a copy of this order to the individual Plaintiffs and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 1, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge